**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GRANT A HOLYOAK, et al., | No. CV 08-08168-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

This matter comes before the Court on the United States' Motion to Dismiss and Alternative Motion for Summary Judgment. (Dkt. #9). The United States ("Defendant") seeks dismissal of Plaintiffs' Complaint because Plaintiffs have not alleged a claim under any statute or law that waives Defendant's sovereign immunity or gives the district court subject matter jurisdiction to hear the case.

**I.   FACTUAL BACKGROUND**

Plaintiffs have not filed a valid federal income tax return since 1994. (Dkt. #9, p. 1). As a result, Plaintiffs owe a balance to the Internal Revenue Service ("IRS") for unpaid federal income tax as well as certain civil penalties that have arisen due to non-payment. (Dkt. #9, p. 2). The IRS filed Notices of Federal Tax Lien on Plaintiffs' real and personal property. Id. As of March 3, 2009, Plaintiffs still owed the IRS approximately $200,000 for taxes between the years of 1994 and 1996 and $50,000 for

taxes from 1997 through 2002. Id. On December 12, 2008 Plaintiffs filed their Complaint. (Dkt. #1). In his Amended Complaint, Plaintiff seeks injunctive and declaratory relief to prevent the IRS from collecting funds the IRS claims Plaintiff owes, as well as damages from the IRS for a number of tax-related claims. In response, on April 8, 2009, Defendant filed a Motion to Dismiss Complaint and Alternative Motion for Summary Judgment. (Dkt. #9). This motion is addressed below.

## II. STANDARD OF REVIEW

"A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock W., Inc.v. Confederate Tribes of Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). Plaintiffs assert a claim that would result in a restraint on the federal government's tax collection efforts; therefore, this is a suit against the sovereign. See Dugan v. Rank, 372 U.S. 609, 620 (1962). To establish subject matter jurisdiction in an action against the United States there must be (1) "statutory authority granting subject matter jurisdiction," and (2) "a waiver of sovereign immunity." Alvarado v. Table Mountain Rancheria, 509 F.3d 1016 (9th Cir. 2007) (quoting Alford v. United States, 934 F.2d 229, 231 (9th Cir. 1991)); see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003) ("Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, . . . together with a claim falling within the terms of the waiver[.]") (citations omitted). Waiver of sovereign immunity "cannot be implied, but must be unequivocally expressed." Dunn & Black P.S., v. U.S., 492 F.3d 1084, 1088 (9th Cir. 2007) (quoting Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985)). Unless Plaintiffs can show that Defendant did, in fact, unequivocally waive sovereign immunity, this action must be dismissed. See Id.

In addition to these jurisdictional issues, a case may be dismissed if it fails to state a claim upon which relief can be granted. Big Bear Lodging Ass'n v. Snow Summit Inc., 182 F.3d 1096, 1101 (9th Cir. 1999); Fed. R. Civ. P. 12(b)(6). Upon consideration of a motion to dismiss the court must view all allegations in the complaint in the light most

favorable to the non-moving party, and all material allegations must be accepted as true. Id. Pursuant to this rule, dismissal is appropriate *only* if its clear that no relief could be given under any circumstances, or set of facts, with the allegations set forth in the complaint. Id. A complaint may only be dismissed without leave to amend when it is clear that the complaint cannot be saved by further changes. Id.

**IV.    ANALYSIS**

Defendant's Motion to Dismiss challenges Plaintiffs' Complaint in several ways. First, Defendant argues that Plaintiffs' claims seeking injunctive and declaratory relief are barred. Second, Defendant argues that it has not waived its sovereign immunity. Third, Defendant argues that Plaintiffs' due process right to an administrative hearing have not been violated. Fourth, Defendant argues that the statute of limitations has not expired on its collection activities as Plaintiffs' claim. Fifth, Defendant argues that Plaintiffs do not have a right of action based on their claim that the assessed tax penalties were improper. Finally, Defendant argues that Plaintiffs' 26 U.S.C. § 6331 claims are frivolous and meritless.

**A.    Injunctive and Declaratory Relief Claims**

Plaintiffs request injunctive and declaratory relief in Counts II, III, and V of the Complaint. (Dkt. #1, pp. 9-12). The Anti-Injunction Act ("AIA") precludes a court from exercising jurisdiction to enjoin the IRS from tax collection activity. See 26 U.S.C. § 7421. The AIA also precludes suits "for the purpose of restraining the assessment or collection of any tax." Id. In Arford v. United States, 934 F.2d 229 (9th Cir. 1991), the Ninth Circuit stated that the AIA "is a further bar to suit against the government in federal court on the taxpayers' claim that they *do not* owe taxes: the government cannot be enjoined from the collection of taxes unless the taxpayer timely proceeds through the administrative process in tax court." Id. at 231 n.3.

There is one notable statutory exception to the AIA. This exception permits suits to enjoin a levy in cases where the IRS did not send the taxpayer a properly issued Notice of Deficiency prior to the levy action. See 26 U.S.C. § 6213(a). This exception does not

apply because the Notice of Deficiencies were properly filed. (Dkt. #9, Exhs. A-E). The evidence submitted shows that the IRS sent Notices of Deficiency to Plaintiffs' known address as required by statute. Id.; see 26 U.S.C. § 6212. The "4340" forms submitted by Defendant, (Dkt. #9, Exhs. A-E), combined with the mailing records, provide clear proof that the assessments were made. See Hughes v. United States, 953 F.2d 531, 535 (9th Cir. 1992).

The Supreme Court recognizes a very narrow judicial exception to the AIA: relief may nevertheless be granted if "(1) it is clear that under no circumstances could the government ultimately prevail and (2) equity jurisdiction otherwise exists, i.e., the taxpayer shows that he would otherwise suffer irreparable injury." Church of Scientology of Cal. v. United States, 920 F.2d 1481, 1485 (9th Cir. 1990) (citing Comm'r v. Shapiro, 424 U.S. 614, 627 (1976)) (internal quotations and citation omitted). Under the first prong "the district court must determine the possibility of success of the Government's assessment based upon the information available to the court at the time of the filing of the action." Church of Scientology, 920, F.2d at 1485-1486. "Only if it is then manifest, under the most liberal view of the law and the facts, that the government cannot prove its claim" is the first part of the test satisfied." Id. at 1486 (citing Schildcrout v. McKeever, 580 F.2d 994, 997 (9th Cir. 1978). In the second prong of the test, "[t]he taxpayer must show that he has no adequate remedy at law and that the denial of relief would cause him immediate, irreparable harm." Id. (Quoting Jensen v. IRS, 835 F.2d 196, 198 (9th Cir. 1987)) (internal quotations and citations omitted).

In the present case, Plaintiffs have not established either prong of the Church of Scientology test. Plaintiffs have failed to meet their burden of showing that the Government's claim is baseless either by arguing that the government failed to make a valid assessment or by showing the IRS could never succeed on the merits. See Hughes, 953 at 535. This alone is sufficient to defeat jurisdiction. Id. However, it is also clear that Plaintiffs have not met the second prong of the test. Plaintiffs failed to argue that they would suffer irreparable injury without the requested injunctive relief. Id. It is

evident that Plaintiffs are unable to establish either prong of this test. Plaintiffs' request for injunctive and declaratory relief in Counts II, III, and V are therefore dismissed for lack for subject matter jurisdiction.

**B.     Sovereign Immunity**

In Count I of the Complaint, Plaintiffs argue that Defendant waived sovereign immunity under 28 U.S.C. § 2410(a). (Dkt. #1, pp. 7-9). Section 2410 provides that

> the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter- (1) to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien

28 U.S.C. § 2410. However, this statute may not be used to attack the merits of a tax assessment: "the taxpayer may only contest the procedural validity of a tax lien." Elias v. Connett, 908 F.2d 521, 527 (9th Cir. 1990). "A taxpayer may not use a section 2410 action to collaterally attack the merits of an assessment." Id. The law is clear that Defendant only waives sovereign immunity under § 2410 if the suit challenges the procedural validity of a lien.

While Plaintiffs allege that the Notices of Federal Tax Lien and the Notices of Levy are not procedurally valid because the IRS failed to issue notices of deficiency, (Dkt. #1, pp. 8-9),[1] their allegations that the IRS failed to properly provide notices of deficiencies is a determination on the merits rather than a procedural issue. See Huff v. United States, 10 F.3d 1440, 1445 (9th Cir. 1991) (Courts will only permit actions under § 2410 if they can be construed as quiet title actions rather than on the "merits of the underlying tax assessments."). Therefore, this claim is not actionable under § 2410. As a result, the United States did not waive sovereign immunity and Count I of the Complaint is dismissed for lack of subject matter jurisdiction.

Plaintiffs also claim that 5 U.S.C. §§ 702 and 706 of the Administrative Procedures Act ("APA") waives Defendant's sovereign immunity. (Dkt. #1, pp. 14-16)

---

[1] Specifically, the Complaint alleges that the notices did not meet the requirements set forth in 26 U.S.C. §§ 6212, and 6213. (Dkt. #1, p. 9).

(Count VIII). The § 702 claim has been directly contradicted by the Ninth Circuit. See Hughes, 953 F.2d at 537 (explaining that the AIA remains unchanged by § 702 and that the APA does not supersede the Anti-Injunction Act). Courts have also consistently dismissed Plaintiffs' § 706 claim. See Lonsdale v. U.S., 919 F.2d 1440, 1444 (10th Cir. 1990) (explaining that § 706 does not deal with sovereign immunity or waiver). Since there are no exceptions to the AIA in the Complaint, the APA does not provide a basis for jurisdiction in this instance. In Regards to Plaintiffs' remaining waiver arguments, "a court need not elaborate or give reasons for rejecting claims which it regards as frivolous or totally without merit." Sumner v. Mata, 449 U.S. 539, 548 (1984).

### C. Due Process Claims Arising Under 26 U.S.C. § 6330(a)(1)

In Count IV of the Complaint, Plaintiffs argue that the IRS did not comply with 26 U.S.C. § 6330(a)(1). (Dkt. #1 at 11). Section 6330 states "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made." Plaintiffs' appear to argue that they did not have notice that they were entitled to a hearing. This argument is contradicted by the exhibits, (Exhs. F-N), which show that Plaintiffs requested a hearing, participated in the hearing and received notification of the outcome of the hearing. Guthrie v. Sawyer, 970 F.2d 733, 737-38 (10th Cir. 1992) (relying on similar evidence to hold that notice was adequate.) Plaintiffs' right to due process have not been violated and Count IV of the Complaint is dismissed.

### D. Statute of Limitations

Plaintiffs assert that the statute of limitations has expired on Defendant's collection activities under the 26 U.S.C. § 6502. (Dkt. #1, p. 13). However, it is evident that the statute of limitations did not, and has not, expired in this case. Under § 6502, the statute of limitations on bringing a levy expires ten years after the assessment. In this case the first assessment occurred in July, 1999. (Dkt. #9, Exh. F). As a result, Defendant had until July 2009 to collect the taxes. Furthermore, the statute of limitations was suspended for approximately ten months while Plaintiffs' collection due process hearing was

1 pending as per 26 U.S.C. § 6331(i)(5).² (Dkt. #9, Exh. F). Because of this, the relevant
2 statute of limitation does not expire until April, 2010. Based on the 10 year limitations
3 and its subsequent suspension, the statute of limitation has not expired, and Count VII of
4 the Complaint is dismissed.

### E. 26 U.S.C. § 6751 Requirements

Plaintiffs argue that Defendant did not comply with the requirements set forth in 26 U.S.C. § 6751.³ (Dkt. #1, pp. 13-14) (Count VII). Plaintiffs argue that the statute requires IRS employees to have written approval from their supervisor before they assess filing penalties under U.S.C. § 6702. Plaintiffs are wrong to apply § 6751 in this case. Since the penalty is automatic and for a fixed amount, approval of the assessment by a supervisor is not required. Borchardt v. C.I.R., 338 F.Supp.2d 1040, 1044 (D. Minn. 2004) (internal citation omitted). Accordingly, Count VII of the Complaint is dismissed.

### F. 26 U.S.C. § 6331

Plaintiffs contend in Count VIII of the Complaint (Dkt. #1, pp. 15-16) that the language of 26 U.S.C. § 6331 provides that the IRS cannot levy taxes because neither Plaintiff is an "officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality . . . ." (citing 26 U.S.C. § 6331). However, this reading of the statute "ignores the first sentence of section 6331(a), which gives the statute its broad scope and clearly states that it applies to *all* property of *any* person liable to the IRS."⁴ Maisano v. Welcher, 940 F.2d 499, 502 (9th Cir.1991). The Supreme Court has said that the IRS may levy "all property and rights to property belonging to a person who 'neglects or refuses to pay any tax or on which there is a lien . . . for the payment of

---

² Hearing was pending between February and November 2005. (Dkt. #9, Exh. F).

³ 26 U.S.C. § 6751 deals with penalty assessment procedural requirements.

⁴ 26 U.S.C. § 6331(a) provides in pertinent part "[i]f any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property."

such tax.'" G.M. Leasing Corp. v. U. S., 429 U.S. 338, 349 (1977) (quoting 26 U.S.C. § 6331). Count VII of Plaintiffs' Complaint is thus meritless and is dismissed.

**Accordingly,**

**IT IS HEREBY ORDERED** Defendant's Motion to Dismiss is GRANTED. (Dkt. #9).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 11th day of September, 2009.

_____
Mary H. Murguia
United States District Judge